SKINNER, Appellant, *vs.* THOMPSON, Respondent.

1. The trustee in a deed of trust upon a stock of goods seized in an attachment suit may interplead for the goods or their proceeds, although he has sold under the deed of trust since the sale under the attachment.

*Appeal from St. Louis Law Commissioner's Court.*

In addition to the facts stated in the opinion of the court, it was found by the court below that the property was attached on the 19th of February, and sold by the constable under an order of court on the 2d of March following; and that it was sold by the trustee under the deed of trust on the 19th of March, but not taken away by the purchasers. The interplea was filed on the 2d of April.

*J. W. Skinner*, for appellant, insisted that the trustee, having received the proceeds of the sale under the deed of

trust, and parted with his interest in the goods, had no right to interplead for the proceeds of the sale under the attachment.

*Blennerhassett & Shreve,* for respondent.

Scott, Judge, delivered the opinion of the court.

Property was attached by the constable at the suit of the plaintiff, Skinner, against his debtor. That property had been previously conveyed by the debtor to a trustee, by deed duly recorded. The trustee claimed the attached property by an inte plea. The property attached was sold by an order of the court. The court found that the property attached is the same described in the deed of trust, with an immaterial variance. Now, whether the interpleader, being a trustee under a deed duly recorded prior to the levy of the attachment, claims the property or the money arising from the sale of it, it is clear that he is entitled to it. The constable's sale took place before the sale made by the trustee under his deed; it cannot matter, then, what property the trustee subsequently took and sold; it cannot better the title of the attaching creditor to that which he seized, as it is found to be the property covered by the deed of trust.

As there was no review of the facts asked in the court below, and the law arising upon the finding is the only matter complained of, we cannot interfere with the judgment. We do not see how it could well be otherwise than it is. If there is any thing growing out of the "immaterial variance" found by the court between the property attached and that covered by the deed of trust, it must be answered by the maxim *de minimis non curat lex.* The other judges concurring, the judgment will be affirmed.